Case 14-5654, USA v. Timothy Fults Oral argument not to exceed 15 minutes per side Alastair Elizabeth Newbern, supervising attorney To be argued by law student Alexander Bay Good morning your honors, I'm Alastair Newbern I'm appointing counsel for Mr. Fults With the court's permission, argument today will be made by Alex Bay A third year law student who has been certified in this court's practice rule Thank you, that will be granted Thank you You may proceed May it please the court Before I begin, I'd like to reserve three minutes for rebuttal You may The parties agree that the Supreme Court's decision in Johnson Invalidated Mr. Fults' sentence Because that sentence is based on the ACCA's residual clause However, two questions remain First, whether Discamps prevents his Tennessee-aggravated burglary convictions From being ACCA predicates It does, because his Tennessee statute is overbroad and indivisible Second, whether the district court erred by admitting as evidence A government-prepared transcript of a mostly ineligible tape recording It did, and that error prejudices Mr. Fults' trial First, Mr. Fults' Tennessee-aggravated burglary convictions cannot be ACCA predicates Because Tennessee's statute criminalizes more than the generic offense And cannot be divided to bring it within the generic offense Every conviction for aggravated burglary in Tennessee relies on the definition of habitation So regardless of which type of burglary, it must be within a habitation And that definition is overbroad and indivisible Habitation under section 401 criminalizes any structure Including buildings and trailers and mobile homes and tents Those last three are outside the generic offense, as the Supreme Court said in Taylor As such, that alone would make habitation's definition broader than the generic offense However, Tennessee's statute goes further Adding in subsections saying habitation includes self-propelled vehicles and appurtenant structures Let me ask you about the overbreadth and the indivisibility of the statute If we accept what you are arguing, what does that do with our decision in May? So we know that Tennessee's murder statute was generic And that would mean we have to overrule Nance? The Supreme Court wouldn't have to overrule Nance because the situation has changed The Supreme Court's decision in discounts changes the required analysis Requires a renewed, more specific focus on what a jury actually finds as an element The Nance court didn't investigate what a jury actually finds when it finds habitation So it's distinguishable? Yes, Your Honor Discounts require looking at what's actually an element And under the statute, the only thing that is an element is a habitation Juries don't find which kind of habitation The question of whether definitions are divisible I thought there was certainly law out there that seems to say that definitional elements can also be divisible Certainly a definition can be divisible This one is not, however Because the statute defines things with a conjunct, with and It implies that this is a unitary list the Tennessee legislature put together Rather, this isn't one This isn't elements in the alternative as would be required for it I'm not sure I follow that because when you say As a definition, you say habitation includes A, B, C, and D Linguistically, it wouldn't make any difference if it said A, B, C, or D It can't be all of them at once The definition has to be dealing with them singularly, doesn't it? In other words, if it says house, building, tent, trailer Whether it says and or or in a definition, it can't mean all of them at the same time It has to mean we're defining it as any one of those So that's why I didn't know what your emphasis on and in the definitional element Gotcha What it means is the statute criminalizes all Criminalizes the burglary of all of them as aggravated burglary Certainly it may not mean simultaneously a house or a vehicle And therefore, it's divisible in the sense that if the Shepard documents show what it is And it's as divisible as anything else, isn't it? No, Your Honor Because it criminalizes all the same thing And the jury only finds that it is a habitation A Tennessee jury isn't charged with determining which thing under habitation's definition was burglary Merely that it occurred in a habitation The jury would be looking at which thing the person did For example, if the burglary involved a home The jury would have to look at a tent, a home, and other things They would look at, you know, a habitation And Mr. Johnson, wouldn't that make it unspeakable? If the categorical approach was concerned with the facts of the underlying conviction, that might be the case But it's concerned only with the elements And so in that way, the only thing we know, the jury found and agreed to Unanimously and beyond a reasonable doubt Would we know for a fact that these were jury trials for desegregated burglaries? I believe those were pleas, but We don't know what the jury did, but depending on what the documents are The government didn't have to put them in the first time around But maybe on remand, they'll have documents that would show appropriately As to what particular element it was Well again, Your Honor, the element itself is simply habitation And had it been a jury, had it been a jury We just argued about that If we don't buy that part and we say that the definitional elements are divisible Then is it not possible? All we would say at this stage, presumably, rather than saying it's impossible For these to be priors We would just say we remand and let this be sorted out at the district Well, Your Honor, the categorical approach is the only option left for these The government waived the ability to argue for the modified categorical approach Multiple times at trial, at sentencing The government was presented with the ability to argue that the statute was divisible And multiple times it declined As such, it's forfeited the argument This Court in the law considers something similar The government there didn't advance the divisibility argument And didn't offer any Shepard documents Therefore, they could not make that argument even on remand for resentencing They couldn't offer any new Shepard documents there Similar logic applies here The government knew divisibility was an issue And did not make the argument in the law As such, they forfeited the argument even on remand So with that, the residual clause is invalid The modified categorical approach can't be applied And the use of force clause doesn't apply All that's left is the categorical approach And under the categorical approach, aggravated burglaries are overall Whatever they said, Your Honor, that wasn't a published opinion Is there general law that when there is a remand Depending on what the appellate court says That new arguments can't be made And I've seen this happen a lot of times from the defendant's side And the defendant will argue If it's a full remand, not a specifically limited remand Then we can come in with whatever argument has now become relevant When it wasn't before Well, certainly that can apply to defendants And the government can forfeit an argument just like any other litigant And that's what happened here Usually when it's a full remand We don't say that the defendant has forfeited something That has now become different or more relevant than it was before If we make a full remand Possibly, Your Honor This would be primarily concerned with whether or not it's an act of predicates So maybe a more limited scope Go ahead with the other arguments Whatever else you want to say So, turning to the second issue regarding the transcript The district court erred by admitting a transcript as evidence For a mostly inaudible tape recording The district court noted multiple times That you can't tell what's going on in the tape anyway Let's face it And this tape is largely inaudible to me And I think to a lot of people Well, the defense counsel In response to the attorney's question Admitted that the transcript was accurate, right? No, Your Honor Ms. Mayo didn't admit that the transcript was accurate At one point, the district judge asked her to stipulate To the accuracy of the transcript And she did not do so Did she object to the use of the judge Giving the transcript to the jurors as an aid In the testimony of the tape? No, Your Honor She objected to its admission as evidence So you're not complaining about The jurors having the transcript as an aid Just to its admission as evidence? Yes, Your Honor, that's the error here And then did not the instructions essentially say That the tape is the evidence? It was, quote, admitted as evidence But the instructions indicated That you were to take as the evidence the tape Not the transcript The district judge did say that in the instruction But then immediately undercut it The district judge said You should trust your ears over your eyes However, the tape is now evidence That implies that the transcript is now evidence No, the tape is evidence He said that The transcript is never The instruction is you've never considered the tape Or the transcript The transcript is just an aid So believe your ears and not your eyes, correct? Yes, he said that Before saying that, however, the transcript is now in evidence And said that that had been a change from his prior rulings When the judge came back And discounted the original instruction by saying You know, because those are the things that will happen in the trial I'm not admitting the transcript as evidence Did the judge give the jury any instructions On the weight to be accorded with each? Because now they're both in evidence With your constructive jurors' concerns Both as people He does make these other statements Did he give them any instructions? Yeah, I believe the instruction was the same as when the transcript came into evidence Essentially, effectively saying they're both evidence And therefore they have equal weight He doesn't use those words, right? No, Your Honor, he didn't say those exactly But that's what his instruction was He said What's the problem with the transcript coming in Assuming that it is Andrew, what's the fundamental evidentiary error? What's the problem? Well, by admitting that transcript as evidence It overwhelms the jury's ability to independently assess the evidence This transcript was a critical part of the trial Even though you just told them explicitly That you trust your ears over your eyes He said that, Your Honor But this court said in Robinson That when tapes are mostly inaudible Well, the jury's likely to take the transcript as the evidence The question of mostly inaudible One of the things that happens in these issues Is did the defendant offer an alternative By saying the transcript is wrong It shouldn't say I did the drug deal It should say inaudible And that would be the way that you would If you're really going to fight it You would put it to the judge to make that decision Or if he said, you know, I went to Smith Street No, no, it should say I went to Jones Street That's the way I would think it should be put before the district court Certainly they could have offered a competing transcript But that's the least favored option under Robinson If anything, the district court should have undertaken A review of the transcript to compare it to the tape And the district court here didn't do that When you say the least favored option in Robinson Is he saying the least favored is to send them two transcripts Or the least favored is for the judge to consider What the defense's position is And why it's different, if at all Because we don't know from the trial That the defense's position as to what the transcript said Was any different from what the transcript said If I can ask a question It's the least favored option to send a jury two transcripts Right, I agree with that And the issue is whether I just want to be clear on that  Thank you, you'll have your time for rebuttal Thank you, Your Honor May it please the court I fight for the court on behalf of the United States The defendant was convicted of More than felony possession of a firearm Why do I have to Mr. Porter, while this idea of the transcript is still Re-approached, I actually want to go down the board And start later, if you don't mind Absolutely, Judge So, in this particular case Why is it that they're Even assuming the transcript is accurate For the transcript to go back to the jury Doesn't that put undue weight and emphasis On a particular part of the evidence? Not in this instance, Your Honor And the reason that it was not error And I want to distinguish this From the initial admission of the transcript As an aid to the jury The United States admits that that was not plain error And there's no issue there As far as the transcript Actually being admitted into evidence What happened at the trial was During the cross-examination Of the confidential informant In this case, Damien Brees Defense counsel During her cross-examination Handed Mr. Brees a copy of the transcript And she proceeded to quote from it Verbatim, extensively The jury did not have the transcript at this point So, when the defense was finished With the cross-examination The United States did move that transcript To the evidence And I think under those circumstances It is permissible Because the jury is sitting there Without a copy of this transcript While an attorney is quoting from it Verbatim to the witness So, that act on the defense's account As far as the part Would it have been appropriate That the transcript Under our current jurisdiction It would not have, Your Honor It would not have And Judge, I would say That the district court in this instance Did give what the United States Perceives to be An appropriate instruction here And after the transcript Was admitted into evidence The district judge still said Listen, if there is a conflict Listen to your ears over your eyes And I do think That is an important distinction here If it pleases the court I'll proceed to the sentencing issues Because I do believe They are more complex And the sentencing issues Are before the court On a de novo review Mr. Folt's sentence Was enhanced in this case By virtue of his status As an armed career criminal He received a within guideline sentence Of 235 months The enhancement in this case Was based on six predicate offenses One aggravated robbery And five aggravated burglaries All under Tennessee law The defendant concedes That the aggravated robbery Qualifies as a predicate Under the armed career criminal act So what we're dealing with Is five aggravated burglaries Under Tennessee law Now, at sentencing The United States advanced Three theories As to why Each one of those Aggravated burglaries Qualified as a predicate offense First, the United States argued That United States finance Was controllable And United States finance I submit The court held In no uncertain terms That aggravated burglary Under Tennessee law Categorically qualifies As a violent felony Under the armed career criminal act The court was more explicit In its holding The court said That aggravated burglary Under Tennessee law Constitutes generic Aggravated burglary And that's why It qualifies Under the enumerated Offense laws I disagree With the contention That DeCamps Somehow underlines That holding DeCamps was based On the modified Categorical approach Nance was not DeCamps did not Change the law What DeCamps did Is DeCamps said That there was A particular line Of authority That had developed In the ninth circuit That was inconsistent With prior Supreme court precedent That precedent being Taylor And Sheppard And the DeCamps Court said That the ninth circuit Was wrong In their application Of Taylor and Sheppard I'm not aware Of any sixth circuit Cases that have been Applying Taylor and Sheppard wrong Before DeCamps Okay We did We did We did make the Holding As you just stated In Nance And that dealt With the Tennessee Burglary statute In 2007 In 2011 This court In U.S. Versus Coleman Looked at a case An Ohio burglary Statute That was remarkably Similar to Tennessee's And there We said That it was Too broad To be considered A generic Burglary statute Since Coleman Came four years After Nance And looked at A statute That is really Very similar To Nance Should we Look now At the Jurisprudence In Coleman As opposed to Targeting back To Nance Even though Nance did Represent Tennessee Statute And that That's a very Difficult question To answer John And I will Do my best Nance is still Binding precedent And under the Prior panel rule Technically Nance still Controls And the only Way that the Court I submit Can decide Not to follow Nance Is by going On off To overrule it However The United States Understands The subsequent Line of cases That have Came since Nance And I do Submit that The ultimate Conclusion That was reached By Nance Has been Undermined By recent Sixth circuit Opinions The most Notable Is United States POZ And I do Want to get To that And that's Why in this Instance The United States is Asking for A remand So that the District court Can look at These issues In the first Instance Because we Submit that There are Several There are More reasons Than the United States Being Nance That can Provide a Basis for Affirming These convictions As predicate Offenses Under the Armed criminal Act And so At sentencing The United States advanced Three arguments Nance was the First argument We also Argued that Under the residual Clause The aggravated Burglaries Qualified as Predicate Offenses And at The time Of sentencing That was Accurate Based on Sixth circuit Case law But since Johnson v. United States That is no Longer the Case law And so The Objection That what The defendant Was convicted Of on These five Aggravated Burglaries Was a Variant of Tennessee Aggravated Burglary That categorically Qualifies As a Violent Felony As generic Burglary And that Would be Subsection A-1 Of 39-14-402 And what I'd like To cite A very Brief portion Of a Sentencing Transcript The United States Admits that It did Not weight This argument It can Be found In our Sentencing Memorandum And its Sentencing The Assistant United States Attorney Says to The judge I'd like To submit A Certified Copy of The indictments In this Case The court Why are You showing Those to Me Why are They relevant A few Sentences Later Assistant United States Attorney I'm sorry A few Sentences Later The court If I Took those Into consideration I would Like Assistant United States Attorney You would Your honor You would The court You want Me to Overturn The camps Here today Assistant United States Attorney I do Not judge But alternatively The government Submits There are Several reasons That your Honor can Base its Decision On And I Would like To put These in The record So that when It goes Up we Have that Argument There's about Four pages Of that Transcript Where the Government Attempted To get These Shepherd Documents In to No Availability So I Mean did The judge Was it The Court Ultimately Says I'm not Going to Accept them Because that Would require Me to I believe The district Court said That would Require me To engage In Speculation Okay but Effectively There's a Ruling there And we Could decide Whether that Ruling Was right Or wrong Under the Tennessee Law Okay Let me Proceed Further In the Analysis Involving Aggravated Burglary And here's Why the United States Believes A remand Is appropriate Although You still Have the United States Finance To deal With There's No longer A residual Cause The Sixth Circuit Has held In no Uncertain Terms That Aggravated Burglary Under Tennessee Law Is divisible That's United States v. Ozier Before Ozier That was United States v. Laurel The Sixth Circuit   Uncertain Terms That Aggravated Burglary Under Tennessee   That's United States v. Ozier That was United States v. Laurel The Sixth Circuit Has held In no Uncertain Terms That Aggravated Burglary Under Tennessee Law Is divisible That's   v. Ozier That was United States v. Laurel The Sixth Circuit Uncertain Terms That Aggravated Burglary Under Tennessee Law Is divisible That's  Terms That Aggravated Burglary Under Tennessee Law Is divisible  v. Ozier That was United States v. Laurel The Sixth Circuit Uncertain Terms That Aggravated Burglary Under Tennessee Law Is Divisible That's v.    Circuit      Under Tennessee Law Is Divisible That's Terms That Aggravated Burglary Under Tennessee Law Is Divisible That's Amplified   Law Is Divisible That's That's Ok Divisible That's Amplified That's We Have Repair Credit Probability Amplified Law Amplified Credit Probability Document K Yes, sir. And here's what happened at sentencing, Judge. I believe the district court conflated the two standards. You have the enumerated offense clause, which deals with generic burglary under Taylor. You also have the residual clause. The district court in its sentencing did mention generic burglary, but it applied residual clause cases to that analysis. So the United States, the defendant has offered the interpretation that the district court based its decision on the residual clause. I submit that's a fair interpretation in this case. I would also add that United States v. Ozier and United States v. Laura, they also stand for the proposition that the definition of habitation is also divisible and that there are versions of habitation that can qualify as generic burglary under Taylor. Again, United States v. Ozier is a published opinion, and I believe that it is pretty clear in that whole thing. Do you think the inclusion of the word and affects that? The Ozier court expressly looked at that and decided that it didn't. So I would submit that on that issue, Ozier is binding. But even if Ozier hadn't held that, the United States would submit that this definition of habitation in Tennessee's aggravated burglary statute, it is divisible, and there are variants of it that qualify as generic burglary under Taylor. Even if Ozier hadn't gone that far and reached that conclusion, we would still argue it because I submit it's a reasonable interpretation of the law. Your Honor, so the United States would ask the court to affirm the defendant's conviction and remand this case for recidivism. Thank you, counsel. I have three minutes for rebuttal. Yes, sir. First, regarding Ozier and Laura, as the court noted, those are distinguishable because they deal with burglary of a dweller rather than a burglar under the ACCA. Further, Laura's analysis is incomplete. Ozier simply adopted Laura's analysis. By its own admission, the court in Laura did not consider 401a or 401b in the definition of habitation. So this is the first opportunity the court's had to really look at the statute in its entirety. Further, regarding Ozier's opinion about the statute being divisible, it only found that because it rewrote Tennessee's statute by turning the ands in the statute into an or. The statute is not a disjunctivist, but rather a unitary definition. Further, turning to the Nance issue regarding whether it's a generic crime, this court's correct to note that the court's decision in Coleman, Ohio's statute is very similar to Tennessee's, includes similar kinds of things in occupied structure, things like trailers and tents. Do you know whether that case was about the ACCA or about the guidelines? Coleman was an ACCA case, Your Honor, and includes similar kinds of things as Tennessee includes, and found that that statute was non-generic. But if it is about taking a position on how close it is to Tennessee, if it was identical to Tennessee, then didn't it really, in effect, improperly overrule Nance, which it shouldn't have been able to do? And we do have this happen from time to time, and the usual result is, you say, we go to the earlier case because the later case should not have been reviewed. We don't change the later case. It's in the books. But we say we have to make a choice of following the prior panel rule or following the later opinion, and we follow the prior panel rule. I think the distinction is that it's just a different state statute. Okay, but you can distinguish them then, but then you can't say that Coleman overrules Nance. No, Your Honor, I'm not saying that it overrules. Rather, Coleman is the kind of analysis the Supreme Court would envision in Nance's case. The problem with Nance is that it didn't take the kind of step Coleman did. It was looking at what's within habitation. Nance didn't look at what's within habitation, while Coleman looked at what occupied structure, and that's how it found it over the law. Referring to the transcript, the defense counsel did not open the door to the transcript being admitted as evidence. It was used on Mr. Breese's cross-examination, but not in a way that accepted the truth, rather just to impeach Mr. Breese based on an inconsistent statement. Finally, Your Honor, regarding the waiver issue, the government did make reference to the modified categorical approach in the sentencing memorandum, but made no argument as to divisibility, and the only way a court can get to the modified categorical approach is if it finds a statute divisible. In that footnote in their sentencing memorandum, the word divisible never appears, and the district court law of the statute... I mean, why else would the Shepard documents be of any relevance if they weren't to be used in using the modified categorical approach for the divisible statute? Possibly, Your Honor, but it's the government's burden to establish why they're relevant. It did not do so here, and made no attempt to do so. Thank you, counsel. The case will be submitted. We appreciate the Vanderbilt Clinic taking this case on behalf of the clinic. Thank you.